IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>CLYDE MAESTAS,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [104] MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:95-cr-00021<br><br>District Judge David Barlow |

       This matter is before the court on Defendant's Motion for Compassionate Release.[1] Pursuant to 18 U.S.C. § 3852(c)(1)(A), the court may modify a term of imprisonment under certain circumstances. The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. This policy statement provides that the court may reduce a term of imprisonment under 18 U.S.C. § 3852(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community"; and (3) "the reduction is consistent with this policy statement."[2]

       The parties disagree as to whether Defendant is eligible for compassionate release under the age, years incarcerated, and "extraordinary and compelling reasons" requirements. The court does not reach these issues because it is plain that the court cannot find that Defendant "is not a

---

[1] ECF No. 104, filed May 18, 2020.

[2] U.S.S.G. § 1B1.13.

danger to the safety of any other person or to the community."[3] On this requirement, Defendant argues that his crimes were in the long distant past and that while he has had several prison rules violations, they are generally old or do not make him a danger to others.[4] While the passage of time and Defendant's age make it possible that he is rehabilitated, they are insufficient by themselves to show that he no longer is a danger to others. The Presentence Report reflects an extensive and violent criminal history, including rape, manslaughter, possession of a deadly weapon, armed bank robbery, escape from prison, a second attempted escape from prison, assault on correctional officers, and an attempt to instigate arson.[5] More recently, in 2018, a correctional officer discovered a seven-inch sharpened metal weapon in Defendant's cell.[6] Defendant initially confessed that it was his,[7] though now in his motion for release, he asserts that he actually was lying to protect his cellmate. To potentially counter this lengthy and violent history and find that Defendant "is not a danger to the safety of any other person or to the community," extraordinary evidence of rehabilitation would be needed. It has not been presented. Accordingly, Defendant's motion must be denied.

It is therefore ORDERED that Defendant's Motion for Compassionate Release is DENIED WITHOUT PREJUDICE.

---

[3] *Id.* § 1B1.13(2).

[4] Defendant's Reply in Support of Motion for Compassionate Release at 3–4, ECF No. 115, filed August 19, 2020.

[5] Presentence Report at 17–23, ECF No 109-2, filed under seal June 11, 2020.

[6] Incident Report, ECF No. 116-1, filed under seal August 19, 2020.

[7] *Id.*

Signed October 8, 2020.

BY THE COURT:

_____
David Barlow
United States District Judge